Case 6:24-cv-00018   Document 12   Filed on 12/03/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DEBORAH HIGHBERG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:24-cv-00018 |
| MARTIN J. O'MALLEY, Commissioner of the Social Security Administration, | § § § § § | |
| Defendant. | § § | |

# MEMORANDUM AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Deborah Highberg prevailed in this action in which a decision of the Commissioner of the Social Security Administration was vacated and remanded for further administrative proceedings. (Doc. No. 8.) Plaintiff now moves to be reimbursed for reasonable attorney fees under the Equal Access Justice Act ("EAJA"), seeking an award of attorney fees in the amount of $5,322.06. (Doc. No. 11, p. 6.) Defendant is unopposed to Plaintiff's filing of this motion. *Id.* at 7. While Defendant reserved the right to respond to the motion once filed, the period for a response has lapsed and no response has been forthcoming. For the following reasons, the undersigned recommends that Plaintiff's motion for attorney fees be **GRANTED**.

Under the EAJA, a court must award attorney fees and expenses if: (1) the claimant is a "prevailing party;" (2) the position of the United States was not "substantially justified;" and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). Further, the award of attorney fees must be reasonable. *See* 28 U.S.C. § 2412(b).

There is no dispute that Plaintiff is the prevailing party in this action. The parties also do not dispute the number of hours worked,[1] that Plaintiff timely filed the pending motion, or that Plaintiff is entitled to an award of attorney fees. Having considered Plaintiff's motion and the applicable law, the undersigned finds the 22.2 hours of attorney work claimed by Plaintiff's counsel is reasonable in view of the size of the administrative record, the kinds of review and preparation spent on this case, the detailed legal and factual arguments raised in Plaintiff's motion for summary judgment in support of her social security appeal, and Plaintiff's success in this action.

Counsel's hourly rate of $239.73 per hour for attorney work is reasonable. *See* Doc. No. 11, p. 5. The EAJA, last reenacted in March 1996, dictates that attorney fees should not be awarded in excess of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A); *see also Hall v. Shalala*, 50 F.3d 367, 370 (5th Cir. 1995). The cost-of-living adjustment is based on the Consumer Price Index ("CPI") furnished by the Bureau of Labor Statistics and "must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1074-76 (5th Cir. 1992). Any rate increase should be calculated based on the CPI of the "particular locale" or region's cost-of living increases. *Nkenglefac v. Garland*, 64 F.4th 251, 254-55 (5th Cir. 2023) (declining to use the national CPI-Urban ("CPI-U") and instead applying the CPI-U for the South to set the cost-of-living adjustment for calculating the EAJA attorney fee award in Louisiana). Courts otherwise have wide discretion in calculating any increase in hourly rate. *Palo R. v. O'Malley*, 4:22-cv-01962, 2024 WL 1181492, at *1 (S.D. Tex. Mar. 1, 2024) (Palermo, M.J.), *adopted*, 2024 WL 1186720 (S.D. Tex. Mar. 18, 2024).

---

[1] In her motion, Plaintiff demonstrates that counsel expended a total of 22.2 hours of attorney time on this case. (Doc. No. 11, p. 6; Doc. No. 11-1, p. 1; Doc. No. 11-3.)

In support of her fee motion, Plaintiff attaches the national CPI-U for the years 1996 to 2024. *See* Doc. No. 11-2. However, as stated above, any rate increase should be calculated based not on the national CPI-U, but on the CPI of the "particular locale" or region's cost-of-living increases. In this case, the particular locale is the South region.

To evaluate the proper rate increase, first the Court calculates the difference between the average South region for all urban consumers size class B/C[2] CPI in 1996, the year the EAJA was last amended, and the 2024 South region CPI. The average South region CPI in 1996 was 100.00. *See* U.S. Bureau of Labor Statistics, *Data Retrieval Tools: Series Report*, https://data.bls.gov/cgi-bin/srgate (enter Series ID: CUURN300SA0 [Series Title: All items in South – Size Class B/C, all urban consumers, not seasonally adjusted]; change specified year range to 1996 to 2024) (date extracted Dec. 3, 2024). For 2024, based upon the average of the data available for the period with billable hours, *i.e.*, from January to September, the average at the time of this calculation is 192.156, resulting in a difference of 92.156. *Id*. Next, the differences are divided by 100.00 to determine the percentage increases in the CPI, equaling 0.92156 for 2024. Then, $125 (the hourly rate established in 1996) is multiplied by the percentage increases in the CPI to determine the hourly rate increase for the year (in this case, $115.19 for 2024). This amount is then added to $125 to determine the adjusted hourly attorney fee rate for the South Region; in sum, $240.19.

Relying on the applicable regional CPI, the undersigned concludes that the adjusted hourly attorney fee rate for the South region in 2024 is $240.19.[3] Plaintiff's requested attorney fee rates of approximately $239.73 per hour for all 22.2 attorney hours worked in 2024 is less

---

[2] Size class B/C is comprised of cities with a population less than 2.5 million.

[3] Plaintiff's counsel has noted billable hours worked from May 10, 2024 to September 4, 2024. *See* Doc. No. 11-3.

3 / 4

than the adjusted hourly attorney fee rates for the South region and is therefore reasonable. A total award of $5,322.06 is appropriate.

Accordingly, the undersigned recommends that the district court GRANT Plaintiff's motion for attorney fees (Doc. No. 11). The district court should order Defendant to pay $5,322.06 pursuant to the EAJA directly to Plaintiff, in care of counsel.[4]

SIGNED on December 3, 2024.

MITCHEL NEUROCK
United States Magistrate Judge

---

[4] EAJA fee awards must be paid directly to the plaintiff who is the prevailing party in the case, but may nonetheless be remitted to the attorney in care of their client. *Astrue v. Ratliff*, 560 U.S. 586, 593, 597-98 (2010); *see also Garza v. Comm'r of Soc. Sec.*, No. 2:22-CV-00168, 2023 WL 8243768, at *1 (S.D. Tex. Nov. 6, 2023) (Hampton, M.J.), *adopted*, 2023 WL 8238167 (S.D. Tex. Nov. 28, 2023).